*Retail*

 

07920

RDC 99

FIRST CLASS

U.S. POSTAGE PAID
FCM LG ENV
CHARLESTON, SC 29
MAY 08, 2025

**$2.87**

S2324M504790-02

ZACHRY LAW FIRM
Post Office Drawer 369
Ravenel, SC 29470

RECEIVED MAY 12 2025

David S. Kauffman, Esq.
Vice President and Associate General Counsel
Verizon Communications Inc.
One Verizon Way Basking Ridge. New Jersey
07920

**ZACHRY LAW FIRM**

T (843) 889-2262          **Teresa Zachry Hill**          P.O. Drawer 369
T (843)889-2261          **6209 Savannah Highway**          Ravenel, SC 29470
                              **Ravenel, SC 29470**

May 8, 2025

Sent USP Regular and Certified Mail Restricted Delivery

C T CORPORATION SYSTEM
2 Office Park Ct Ste 103
Columbia, South Carolina   29223

Catherine T. Webster
Senior Vice President and Treasurer Verizon Communications Inc.
140 West Street New York, New York 10007

Re: Teresa Hill, et al vs Verizon Communications Inc., 2025-CP-10-02678

Dear Agents:

    Enclosed for service upon you as registered agent for Verizon Communications Inc. is the Summons and Complaint the above referenced case pending in Charleston County Court of Common Pleas.

    With warn regards, I am

                          Very truly yours,

                          s/Teresa Zachry Hill

                          Teresa Zachry Hill

Enclosure

CC:

David S. Kauffman, Esq.
Vice President and Associate General Counsel
Verizon Communications Inc.
One Verizon Way Basking Ridge, New Jersey 07920

Robert W. Mullen, Jr., Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS COURT |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO. 25-CP-10-*02678* |
| ) | |
| ) | |
| TERESA HILL, Individually ) | |
| and as agent of Hill and Hill Attorney, ) | |
| ) | |
| Plaintiffs, ) | **SUMMONS** |
| ) | (JURY TRIAL DEMANDED) |
| vs. ) | |
| ) | |
| VERIZON COMMUNICATIONS, INC.) | |
| JOHN DOE A, ESQ., ) | |
| LAW FIRM DOE AB, ) | |
| LAW FIRM DOE C, ) | |
| LAW FIRM DOE D, ) | |
| and LAW FIRM DOE E, ) | |
| Defendants. ) | |
| _____ ) | |

**TO DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscriber, Teresa Hill, Esquire, at her office at the address below, within thirty (30) days after the service hereof, exclusive of the day of such service.

YOU ARE HERBY GIVEN NOTICE FURTHER that if you fail to appear and defend and fail to answer the Complaint as required by this Summons within thirty (30) days after the service hereof, exclusive of the day of such service, judgment by default will be entered against you for the relief demanded in the Complaint.

Dated at Ravenel, South Carolina, on the 7th day of May, 2025.

S / *Teresa Zachry Hill*
_____
TERESA ZACHRY HILL, ESQUIRE
ATTORNEY FOR PLAINTIFFS
6209 SAVANNAH HIGHWAY~(Physical)
POST OFFICE BOX 369~(Mailing)
RAVENEL, SOUTH CAROLINA 29470
TELEPHONE (843) 889-2261
TELEPHONE (843) 889-2262
SC No. 15792
ZachryLawFirm@pm.me

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS COURT
) FOR THE NINTH JUDICIAL CIRCUIT
COUNTY OF CHARLESTON ) CASE NO. 25-CP-10- **02679**
)
)
TERESA HILL, Individually )
and as agent of Hill and Hill Attorney, )
)
Plaintiffs, )
)                      **COMPLAINT**
vs. )                 (JURY TRIAL DEMANDED)
)
VERIZON COMMUNICATIONS, INC. )
JOHN DOE A, ESQ., )
LAW FIRM DOE AB, )
LAW FIRM DOE C, )
LAW FIRM DOE D, )
and **LAW FIRM DOE E,** )
Defendants. )
_____ )

The Plaintiffs above named, complaining of the Defendants above named, alleges and

say:

## JUSRISDICTION AND VENUE

1. Plaintiff, Teresa Hill, was at all times hereinafter mentioned and still is a resident of

the County of Charleston, State of South Carolina, and was at the time of the

mentioned in this complaint was a customer of Defendant **VERIZON**

**COMMUNICATIONS, INC. (VERIZON)** using a cellular phone she purchased from

**VERIZON** and cellular service acquired through **VERIZON**. This is an action for

damages and remedies for violations of, inter alia, the Federal Trade Communications

Act, 47 U.S.C. Section 201, arising in part from **VERIZON'S** failure to provide

reasonable and appropriate security of and prevent unauthorized access to Plaintiffs

wireless cellphone and account. The Plaintiff, Hill and Hill Attorney, was at all times

hereinafter mentioned and still is a business operated in the County of Charleston, State

of South Carolina, and was at the time of the mentioned in this complaint was a

customer of Defendant **VERIZON COMMUNICATIONS, INC. (VERIZON)** using

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

a cellular phone she purchased from **VERIZON** and cellular service acquired through **VERIZON**. This is an action for damages and remedies for violations of, inter alia, the Federal Trade Communications Act, 47 U.S.C. Section 201, arising in part from **VERIZON'S** failure to provide reasonable and appropriate security of and prevent unauthorized access to Plaintiffs wireless cellphone and account.

2.    Upon information and belief **VERIZON COMMUNICATIONS, INC.** a Delaware corporation was at all times alleged in this complaint operating a cellular phone business in the State of South Carolina. **VERIZON** is a wireless cellular phone company which is incorporated and doing business at 2051 Sam Rittenburg Boul. ard, Charleston, South Carolina which is located in the County of Charleston.

3.    Upon information and belief **VERIZON COMMUNICATIONS, INC.** a Delaware corporation had customer service representatives at other foreign undisclosed locations.

4.    Upon information and belief JOHN DOE A, ESQ., JOHN DOE B, ESQ., LAW FIRM DOE AB, LAW FIRM DOE C, LAW FIRM DOE D, and LAW FIRM DOE E **(Herein cumulatively referred to as Defendant Doe Wrong Doers)(SEE Attached)** all lived and/or were operating or employed or owned a business or practiced law in Charleston, South Carolina which is located in the County of Charleston at all times alleged herein.

5.    Plaintiffs reserve the right to move this Court to convert and certify this action as a class action on behalf of the yet unidentified class of indivi.:als residing in South Carolina and/or elsewhere who were subjected to the same criminal and fraudulent circumstances set forth herein.

## FACTS

6.    Plaintiffs restate all allegations in the Complaint as if set forth verbatim herein.

7.    On or about July 8, 2022, **VERIZON** by and through its employees and agents at the Charleston Sam Rittenburg Charleston, South Carolina store did unlawfully, improperly,

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

and fraudulently load, assist in the loading or were paid to load an unauthorized SIM on Plaintiffs' cell phone without Plaintiffs consent or knowledge. **VERIZON** by and through its agents, employees intentionally, fraudulently an⁴ unlawfully loaded an unauthorized SIM to Plaintiffs' cell phone. Upon information and belief the SIM was loaded on Plaintiffs cell phone and was used by these Defendants for the unlawful spying, sabotage, unauthorized informational use by Defendants **John Doe A, Esq., Law Firm Doe AB, and Law Firm Doe C, Law Firm Doe D, Law Firm Doe E**. Specifically to allow the SIM was loaded by **VERIZON for the purpose of spying and gaining advantage on Plaintiffs by Defendants John Doe A, Law Firm Doe B, and Law Firm Doe C, Law Firm Doe D, Law Firm Doe E** *(Cumulatively herein after - DEFENDANT DOE WRONG DOERS)* and others to be identified in discovery who all a various times to engage in legal espionage to accessed and monitored Plaintiffs' communications, data, wireless cellular account, and cellphone calls, reset passwords, intercept calls, revert call, and messages among other nefarious activities, without her authorization.

8. At the time of this occurrence Plaintiffs and Defendant Law Firn̅ , named herein (except **Law Firm Doe E**) were involved in a high profile politically charges case involving COVID vaccine and other serious and monetarily significant real estate issues involving a local Charleston County gated sea island. In that Federal Court case involving the politically charged COVID vaccine and significant monetary issues, Plaintiff was on one side of the case and all Defendant Law Firms to this action, except **Law Firm Doe E**, were representing the Defendants in the Federal Court case.

9. Upon information and belief, **VERIZON** added an additional phone line to Plaintiffs' phone at the direction and planning with **Defendant Doe Wrong Doers and VERIZON** by and through Defendants employees and agents to assist in legal espionage and spying in that case and other cases in which Plaintiff Teresa Hill and Hill and Hill Attorney were involved.

10. When Plaintiff Teresa Hill was in the **VERIZON** store on July 8, 2022, the Apple iPhone she purchased from **VERIZON** was intentionally compromised with nefarious plan and

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

actions by **VERIZON** employees and agents and **Defendant John Doe A, Esq**. who was upon information and belief was in the store that day (he was also active in the Federal Court case) acting to carry out the plan of **Defendant Doe Wrong Doers.**

11. Upon information and belief **Defendant Doe Wrong Doers** coordinated the scheme/method through **VERIZON** to load the SIM to spy unlawfully on Plaintiffs. Specifically, an unauthorized SIM was loaded to Plaintiffs' cell phone purchased that day at **VERIZON** during which purchase **JOHN DOE A, ESQ.** an attorney at **LAW FIRM DOE AB** was present in the **VERIZON** store.

12. Upon information and belief **DEFENDANT LAW FIRM DOE AB, LAW FIRM DOE C, and LAW FIRM DOE D and DEFENDANT JOHN DOE A, ESQ.** were all involved in litigating a case high profile COVID Real Estate case in Federal Court in Charleston, South Carolina.

13. Upon information and belief, **LAW FIRM DOE E,** formed a series of South Carolina Corporations to funnel information, calls, data, and money through related to the SIM spying on Plaintiffs. The calls and text messages of Plaintiffs were intercepted and directed to a private investigator or other shell companies operated and associated with **LAW FIRM DOE E** some of those shell companies were located in North Charleston, South Carolina.

14. Plaintiff Teresa Hill's direct instruction to the **VERIZON** employee the day of purchase of her new phone was that only to contain one (1) line, specifically one number, and Teresa Hill verified with the **VERIZON** employee the only number to be placed on the phone.

15. Without obtaining Plaintiffs' permission, **VERIZON** did load a second phone line or SIM on Plaintiffs' phone. **JOHN DOE A, ESQ.** an attorney at **LAW FIRM DOE AB** was present in the **VERIZON** store when the SIM load occurred.

16. Plaintiff Teresa Hill, in the time that followed that iPhone purchase from **VERIZON** began noticing differences in the iPhone which were unexplained. She reported the issues

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

repeatedly to **VERIZON**. Plaintiff Teresa Hill made numerous calls to **VERIZON COMMUNICATIONS, INC.** to report the iPhone issues. Each time she was disconnected from the call, or told there was no issue. Finally, Plaintiff Teresa Hill discovered the extra SIM which had been loaded on her new phone purchased from **VERIZON** in July.

17. Despite being repeatedly dismissed by **VERIZON** employees or hung up on by **VERIZON** employees, Plaintiff was eventually able to piece together what had occurred - the unlawful activity which occurred in the **VERIZON** store and the breaches which occurred as a result of the unlawful SIM **VERIZON** placed on her phone. As a result of this SIM security breach, many of Plaintiffs' electronic accounts were intentionally loaded or hacked by the Defendant Doe Wrongdoers which activity was enabled by **VERIZON**, acting by and through employees of **VERIZON**. Plaintiffs' business and personal calls, voicemail messages and text messages were being intercepted by Defendant Doe Wrongdoers enabled by **VERIZON.** An unimaginable chaos enveloped Plaintiffs business and life.

18. Plaintiff Teresa Hill made numerous calls to **VERIZON COMMUNICATIONS, INC** customer service to report the issues. Each time she was disconnected from the call or told there was no issue.

19. Plaintiff Teresa Hill made numerous calls and visits to the City of Charleston Police Department to make a report on the unlawful activity. City of Charleston Police Department refused to take her report.

20. Plaintiff Teresa Hill made numerous calls to Charleston County Sheriff's Office they refused to take her report repeatedly of unlawful activity. Department refused to take her report repeatedly. Finally, after many terse complaints a Charleston County Sheriff's deputy showed up to talk her out of taking the report of unlawful spying. After a threat to report him to the Feds he did take a report. He did not want the unauthorized number which was on her phone or the name of the person to whom the calls were being diverted or any of the other information Plaintiff had gathered in the misted of the chaos and

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

havoc **DEFENDDANTS** were creating in her life. Not only did the Charleston County Sheriff's Office fail to investigate the unlawful activity occurring allowing spying and monitoring of Plaintiff; Charleston County Sheriff's Office began to target and harass Plaintiff Teresa Hill. That harassment continues to this day and has occurred many times at the Charleston County Courthouse and at Plaintiffs office.

21. Plaintiff Teresa Hill could clearly see her police report of the invasion of privacy, spying, eavesdropping and other unlawful conduct with Charleston County Sherriff's Deputy was going nowhere. At that point the chaos was ramping up to stalking and damage to property so Plaintiff made a report to the South Carolina Attorn: ' Generals office. After relating all the facts to the South Carolian Attorney General's Office Plaintiff did not stop.

22. At that point Plaintiff Teresa Hill made a report of the unlawful SIM spying and cybersecurity events to the Federal Bureau of Investigations. This report was made more than once but the last report was made in 2024. Again, there was no response to Plaintiffs reports of criminal activities. None.

23. At this point Plaintiff Teresa Hill has exhausted all law enforcement avenues. Plaintiff Teresa Hill still subject to harassment from the above named and is now bringing this civil case before the court of competent jurisdiction.

24. Plaintiffs allege and stats Defendant **VERIZON** unlawfully and intentionally loaded a SIM and extra phone line on Plaintiffs phone on or about July 8th, 2022 in violation of the Federal Trade Communications Act. This is an action for damages and remedies for violations of, inter alia, the Federal Trade Communications Act, 47 U.S.C. Section 201, arising in part from **VERIZON'S** failure to provide reasonable and appropriate security of and prevent unauthorized access to Plaintiffs wireless cellphone and account which did occur.

25. Plaintiffs allege and state **VERIZON** failed to adequately train and supervise its agents and employees to identify and promptly deal with customer reports of phone security

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

issues.

26. Plaintiffs allege and state **VERIZON** failed to adequately train and supervise its agents and employees in such a manner that allowed its agents or employees without authorization or approval to unilaterally access and make changes to customers' accounts.

27. Plaintiffs allege and state **VERIZON** allowed the porting in and out of numbers without properly confirming that the request is coming from the legitimate customer.

28. Plaintiffs allege and state **VERIZON** lacked proper monitoring solutions of its employees, agents, stores, customer service calls and thus fails to monitor its systems for the presence of unauthorized access in a manner that would enable **VERIZON** to detect the intrusions so that the breach of security and diversion of customers information was able to occur in Plaintiff Hill's situation and continue until her entire life, professional and personal, was compromised and assessable upon information and belief by **DEFENDANT DOE WRONGDOERS** enabled by **VERIZON**.

29. That by reason of the aforementioned unlawful conduct of Defendants and direct consequences there of Plaintiffs were damaged beyond repair. Plaintiffs seek actual and punitive damages for the unlawful loading of a SIM/unauthorized number to Plaintiffs' phone which allowed for spying and intrusions into Plaintiffs business and personal life which resulted in damage which is irreparable.

## NEGLIGENCE

30. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by reference as if fully set forth herein.

31. Plaintiff, Teresa Hill, was deprived of her **VERIZON** cellphone number, which also included the business telephone number used for Hill and Hill Attorney. Plaintiffs Teresa Hill and Hill and Hill Attorney doing business at 6209 Savannah Highway, Ravenel, South Carolina was subject to an invasion of privacy, extreme humiliation, loss of

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

credibility, loss of an extraordinary amount of time, energy, and expense, disruption to her business, and personal life, loss of contacts, loss of opportunities, defamation, slander, loss of information, loss of control many aspects of life and business that run through a smartphone. Teresa Hill suffered extreme stress, humiliation, mental anguish, anxiety, and emotional stress as a result of this SIM incident caused by **VERIZON** and other Defendants, by and through its agents and employees.

32. For thirty (30) years or more Plaintiffs Teresa Hill and Hill and Hill Attorney were **VERIZON** cellphone users in the County of Charleston, in the State of South Carolina.

33. Plaintiff reserves the right to move this Court to convert and certify this action as a class action on behalf of the yet unidentified class of individuals residing in South Carolina and/or elsewhere who were subjected to the same criminal and fraudulent circumstances set forth herein.

34. This action is bought by Teresa Hill, individually, and as an agent of Hill and Hill Attorneys, both are and have been a **VERIZON COMMUNICATIONS, INC.** customer who lost a massive amount in this incident of identity theft crime called "SIM swapping" or "SIM hijacking" SIM spying".

35. A subscriber identify module, SIM, stores user data in phones on the Global System for Mobile (GSM) network – the radio network used by **VERIZON COMMUNICATIONS, INC.** to provide cellular service to its subscriber.

36. SIM cards or ESIMS are principally used to authenticate cellphone subscriptions; as without a SIM card or electronic SIM, GMS phones are not able to connect to **VERIZON'S** telecommunication network.

37. Not only is a SIM card vital to using a phone on the **VERIZON** network, the SIM card or ESIM also holds immeasurable value as a tool to identify the user of the phone – a power that can be corrupted to steal property and the identity of the user. **VERIZON** states in customer policy that it guarantees customers that **VERIZON** will handle, manage and oversee their interactions – including and personal information shared

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

during those interactions – with honesty and ethical care. **VERIZON** goes on to guarantee its customers "We safeguard our confidential and proprietary information and that of our customers, suppliers and employees." "We comply with applicable laws, regulations, and **VERIZON** policies in the conduct of our business." Maintaining the confidentiality of communication is **VERIZON'S** duty and obligation to customers, such as the Plaintiff, under the Federal Communications Act of 1934 and pertinent implementing regulations.

38. Plaintiffs allege and state **VERIZON** was and is aware of the pervasive harm posed by SIM swapping, as **VERIZON** has been party to similar actions in the past. Even though **VERIZON** was aware of the pervasive issue of SIM swapping it did not take measures to adequately protect and inform its customers, specifically the Plaintiffs from the harm she and her business suffered.

39. Plaintiffs allege and state that **VERIZON'S** participation in the SIM/ESIM SWAP theft involving Plaintiffs cellular phone which was perpetrated by several **VERIZON** employees and at least one non-employee in the store and others not in the store the day the SIM swap occurred. Upon information and belief Defendant, **DEFENDANT JOHN DOE A, ESQ.** who was in the **VERIZON** store the day of the criminal SIM loading was known by **VERIZON** employees to be in the store to facilitate this unlawful activity. As a result of **VERIZON'S** failures if not active, active participation in the store operated on Sam Rittenburg Boulevard, in the City of Charleston in the County of Charleston in the State of South Carolina, Plaintiff Teresa Hill suffered a humiliating and degrading invasion of privacy, disruption of business, extreme embarrassment, loss of credibility, loss of an extraordinary amount of time, energy, and expense, sleep, disruption to her personal life, decline in her health, loss of data, loss of control many aspects of life and business that run through a smartphone. Loss of access to almost every account owned. She suffered and still suffers extreme stress, humiliation, mental anguish and emotional stress.

40. Plaintiffs allege and state **VERIZON** owed Plaintiffs a duty of, inter alia, care in handling and safeguarding of her customer account for the purpose of providing wireless cellular and data services.

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

41. Plaintiffs allege and state that the injuries, losses, and damages to the Plaintiffs were the result of the **VERIZON'S** failures, negligence, carelessness and willfulness and active active participation in SIM swap, that was inflicted in Plaintiffs by Defendant, **VERIZON**, in the following particulars:

    a. **Negligent management of Plaintiffs account and account services.**

    b. **Loading an unauthorized SIM to Plaintiffs' new Apple iPhone.**

    c. **Unauthorized Access: Installing a SIM card without the Plaintiff's explicit consent, violating her right to control her device.**

    d. **Breach of Privacy: Activating a SIM that could potentially track or monitor the Plaintiff customer's activities without her knowledge.**

    e. **Failure to Obtain Consent: Not informing the customer or obtaining their approval before modifying their device with a SIM card.**

    f. **Misrepresentation: Failing to disclose that a SIM was preloaded or implying the phone was free of unauthorized modifications.**

    g. **Inadequate Employee Training: Neglecting to train staff properly, leading to unauthorized SIM installation by employees.**

    h. **Violation of Contract Terms: Acting against the terms of the purchase agreement or service contract by altering the device without permission.**

    i. **Negligent Security Practices: Allowing unauthorized SIMs to be installed due to lax security or oversight in store operations.**

    j. **Fraudulent Billing: Potentially linking the unauthorized SIM to the customer's account, resulting in unexpected charges.**

    k. **Non-Compliance with Regulations: Violating consumer protection laws or telecommunications regulations regarding device modifications.**

    l. **Failure to Investigate Complaints: Neglecting to thoroughly investigate or document customer reports of phone issues, such as unauthorized SIM activity or malfunctions.**

    m. **Ignoring Customer Rights: Disregarding the customer's right to have their concerns addressed, potentially violating consumer protection laws or service agreements.**

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

n.  **Inadequate Customer Service Training:** Failing to train staff to properly handle and escalate complaints about device issues, leading to dismissive or negligent responses.

o.  **Breach of Duty of Care:** Not taking reasonable steps to ensure the customer's device is functioning as expected or addressing potential unauthorized modifications.

p.  **Negligent Record-Keeping:** Failing to maintain accurate records of customer complaints, which could hinder resolution or identification of systemic issues.

q.  **Delay in Response:** Unreasonably delaying or refusing to address reported issues, potentially exacerbating harm like unauthorized charges or data breaches.

r.  **Failure to Escalate Issues:** Not escalating serious complaints, such as those involving unauthorized SIMs, to appropriate technical or legal teams for resolution.

s.  **Misleading Customers:** Providing false or misleading information to customers about the cause of their phone issues to avoid liability.

t.  **Non-Compliance with Regulatory Standards:** Ignoring industry or legal standards that require timely and effective responses to customer complaints about device tampering or service issues.

u.  **Fraudulent activity with a third party in the Verizon store to upload the unauthorized SIM to Plaintiffs' phone.**

v.  **Negligent Oversight of Third Parties:** If the SIM was installed by a third-party vendor or partner, failing to oversee their actions or ensure they follow proper protocols.

w.  **Breach of Privacy:** Activating a SIM that could potentially track or monitor the customer's activities without their knowledge and that did track and monitor Plaintiffs activities without their knowledge or consent.

x.  **Failure to Obtain Consent:** Not informing the customer or obtaining their approval before modifying their device with a SIM card.

y.  **Misrepresentation:** Failing to disclose that a SIM was preloaded or implying the phone was free of unauthorized modifications.

z.  **Inadequate Employee Training:** Neglecting to train staff properly, leading to unauthorized SIM installation by employees.

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

aa. **Intentionally Loading Sim of a Third Party to Plaintiffs phone with intent to assist third parties with monitoring Plaintiffs.**

bb. **Violation of Contract Terms: Acting against the terms of the purchase agreement or service contract by altering the device without permission.**

cc. **Negligent Security Practices: Allowing unauthorized SIMs to be installed due to lax security or oversight in store operations.**

dd. **Fraudulent Billing: Potentially linking the unauthorized SIM to the customer's account, resulting in unexpected charges.**

ee. **Failure to Verify Identity: Not confirming the customer's identity or intent before performing actions like SIM installation.**

ff. **Non-Compliance with Regulations: Violating consumer protection laws or telecommunications regulations regarding device modifications.**

42. That by reason of the aforementioned negligence, carelessness, willfulness wantonness and intentionally fraudulent conduct of the Defendant, **VERIZON**, as aforesaid in unlawful SIM swap scheme with Defendants, Plaintiffs suffered extreme losses and damages. Plaintiffs still suffer and upon information and belief will continue to suffer permanent loss of credibility, extreme anguish and lose of huge opportunity. Plaintiffs were required to expend money, or become obligated for many expenses and damage to her equipment, software, applications, accounts, loss of use of her phone number and loss opportunity of the pinnacle of her legal career and private life, unfathomable invasion of privacy of every aspect of her life and business, ruination of a 35 year career, loss of relationships, loss of business, extreme humiliation, loss of credibility, loss of an extraordinary amount of time, defamation, slander, loss of energy, and expenses, disruption to her business, loss of equipment, and disruption of her personal life, loss of contacts, loss of information, loss of control many aspects of life and business that run through a smartphone and she suffered extreme stress, humiliation, mental anguish, emotional stress and an <u>extreme invasion of privacy</u>.

43. That by reason of the aforementioned direct consequences of Defendants negligence, carelessness, willfulness and wantonness conduct and intentionally fraudulent conduct

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

of the Defendant, **VERIZON**, Plaintiffs were damaged and seeks compensatory actual and punitive damages for the invasion of privacy, disruption and loss of business, ruination of a 35 year career, loss of relationships, loss of huge opportunity, disruption and destruction of life, extreme humiliation, loss of credibility, loss of an extraordinary amount of time, defamation, slander, energy, and expense, disruption to her business, loss of equipment, and loss of opportunities of a life time with her family, loss of contacts, loss of information, loss of control many aspects of life and business that run through a smartphone or are two factor authentication authorized through a cell phone. She suffered extreme stress, humiliation, mental anguish, anxiety, and emotional stress. She became a physical target of others because of the tracking enabled through her cell phone and was physically injured. The losses outlined by Plaintiffs herein are ongoing and permanent and extreme.

44. Plaintiffs were unable to attend normal duties and pursuits and have been otherwise permanently injured, forced to miss opportunities occurring only at the pinnacle of the life of a mother and professional opportunities occurring only at the pinnacle of a legal career and damaged, all to her damages, actual and punitive, in the amount to be determined by the triers of fact.

## FEDERAL COMMUNICATIONS ACT

45. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by reference as if fully set forth herein.

46. The FCA regulates interstate telecommunications carriers such as Defendant **VERIZON.**

47. Defendant **VERIZON** is a common carrier engaged in interstate communication by wire for the purpose of furnishing communication services within the meaning of section 201(a) of the FCA. As a common carrier, Defendant **VERIZON** is subject to the substantive requirements of sections 201 and section 202 of the FCA.

ELECTRONICALLY FILED - 2025 May 07 7 45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

48. Defendant **VERIZON**'s conduct, as alleged herein, constitutes a knowing violation of section 201(b) and section 201(a). Further, under section 217, Defendant **VERIZON is** also liable for the acts, omissions, or failures as alleged in this Complaint, of its officers, agents, offers, or other persons action for or employed by Defendant **VERIZON.**

49. Additionally, Defendant **VERIZON** is a "telecommunications carrier" within the meaning of section 222, which requires every telecommunications carrier to protect, among other things, the confidentiality of proprietary information of and relating to its customers which includes Plaintiffs.

50. Defendant **VERIZON's** conduct, as alleged herein. Constitutes a knowing violation of section 222. On information and belief Defendant **VERIZON** disclosed, without Plaintiff's approval, Plaintiff's proprietary information to ʰird party or parties, specifically Defendant Law Firms for reason other than for emergency services. Defendant **VERIZON** also improperly permitted access to Plaintiff's customer proprietary network information in Defendant **VERIZON's** provision of services.

51. As a direct consequence of Defendant **VERIZON's** violation of the FCA, Plaintiffs have been damaged and continue to be damaged in an amount to be determined at trial by a jury.

### **BREACH OF CONTRACT**

52. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by reference as if fully set forth herein.

53. Plaintiffs entered into a contract both express and implied with Defendant **VERIZON**.

54. Defendant **VERIZON** offered to provide wireless phone service in consideration of payment from Plaintiffs. Under the terms of the agreement, Plaintiffs were required to pay in full the agreed to charges submitted to her on her bill. Plaintiffs contracted to pay for cellular telephone services and for a new Apple iPhone. Plaintiffs accepted the offer

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

of services and new Apple iPhone from VERIZON and performed all the conditions, covenants, and promises and agreements required of her under the terms of the contract.

55. Among other things, the express and implied terms of the contract were that **VERIZON** would provide reasonable and appropriate security to prevent unauthorized access to her wireless account or otherwise safeguard and protect Plaintiffs' private and confidential account and other information and not transfer her number or allow another number to be transferred onto her phone without her express authorization which was not given.

56. Defendant **VERIZON** has failed, neglected, and refused, and continues to fail neglect and refuse to perform its part of the contract or tender such performance.

57. In the absence of such express and implied contract terms, Plaintiffs would have acted differently in her purchasing decision or would have not have agreed to enter into a contract with **VERIZON.** Nor would she have entered into the contract if **VERIZON** had properly disclosed to her the true extent of its account security measures or lack thereof.

58. As a direct consequence of **VERIZON's** breach of contract, Plaintiffs have been damaged and continue to be damaged in an amount to be proven at trial and decided by a jury of twelve.

## VIOLATION OF THE SOUTH CAROLINA DECEPTIVE TRADE PRACTICES ACT

59. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by reference as if fully set forth herein.

60. Plaintiffs allege and state Defendants engaged in an unfair or deceptive act in the conduct of trade or commerce involving the Plaintiffs cellular and data service.

61. Plaintiffs allege and state the act unfair and/or deceptive acts of Defendants adversely affected the public interest, which involves the security and privacy of cellular and data services in the State of South Carolina. The Defendants actions of SIM swapping to spy

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

has potential for repetition in South Carolina.

62. Plaintiffs are consumers as that term is defined under the South Carolina Unfair Trade Practices Act ("SCUTPA"). Plaintiffs allege and state one or more of the Defendants engaged in deceptive acts or practices in soliciting Plaintiffs to use **VERIZON** cellular phone and data services and an unauthorized SIM. In particular, the false, misleading and deceptive acts perpetrated by one or more of the Defendants included but not limited to:

   a) **Misrepresentation of Services or Charges: Falsely advertising service quality, coverage, or pricing knowing of the scheme to load and extra SIM on Plaintiffs phone to enable spying, invasion of privacy and disruption of business and life.**

   b) **Hidden fees or billing for services not provided, such as charging for unauthorized SIM or subscriptions.**

   c) **Unauthorized Account Modifications: Adding services or lines to a customer's account without consent, specifically activating new SIMs or plans.**

   d) **Failing to secure Plaintiffs customer accounts, allowing unauthorized users specially Defendant John Doe Wrong Doers to exploit Plaintiffs VERIZON accounts through SIM swapping and/or fraudulent activations.**

   e) **Deceptive Practices in SIM Card Distribution: Knowingly or negligently supplying SIM cards to unauthorized users, specifically Defendant John Doe wrong doers, who engage in fraudulent activities particularly SIM swapping scams to steal Plaintiffs identities and or access accounts to spy on Plaintiffs and disrupt Plaintiffs business.**

   f) **Failing to implement reasonable safeguards to verify SIM card activations, leading to widespread fraud, spying and invasion of privacy.**

   g) **Unfair Contract Practices: Imposing unconscionable contract terms, such as excessive early termination fees or automatic renewals without clear disclosure that there would be no cellular security provided and that in fact Defendant VERIZON would assist Defendant John Doe Wrong Doer with spying on the Plaintiffs and disrupting Plaintiffs business.**

63. Plaintiffs suffered actual, ascertainable damages as a result of Defendants false,

misleading, or deceptive acts and practices engaged in by one or more of the
Defendants.

64. Plaintiffs suffered actual, economic and special damages as a result of Defendants'
actions in intentional violation of SCUTPA. In addition, because Defendants' actions
were knowing and intentional violations of SCUTPA, Plaintiffs are entitled to treble
damages under the SCUTPA statute. In addition, Plaintiff is entitled to her reasonable
and necessary attorneys' fees incurred in prosecution of this action.

## NEGLIGENT HIRING RETINTION AND SUPERVISION

65. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by
reference as if fully set forth herein.

66. At all times material hereto, Defendants' agents, officers, and employees including
those directly or indirectly responsible for or involved in transferring Plaintiff's phone
number and a new number to a new phone were under Defendants direct supervision,
and control.

67. Defendants further assumed this duty by holding its officers, agents, and employees out
to the public as competent representatives.

68. Upon information and belief, Defendants negligently retained, controlled, trained and
supervised its agents and employees when Defendants knew or should have known that
its agents and employees posed a security threat.

69. Defendants further knew or should have known that its agents or employees would
allow unauthorized access to customer accounts, including that of Plaintiffs.

70. On information and belief, Defendants negligently trained, controlled, retained and
supervised its agents and employees so they committed wrongful acts complained of
herein against Plaintiffs and other members of the public. On information and belief,

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

Defendant failed to properly control and supervise them to ensure customer account safety.

71. It was foreseeable to Defendants that this scheme of SIM swapping by its agents and employees would compromise customer account safety or engage in other unlawful acts complained of herein. On information and belief, Defendants engaged in this SIM scheme, acts alleged herein and/or condoned, permitted, authorized and or ratified the conduct of its agents and employees.

72. As a direct result of Defendants negligent hiring, control, retention, and supervision, Plaintiffs have suffered and seek actual and punitive damages in an amount to be proven at trial and determined by a jury.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by reference as if fully set forth herein.

74. Defendants could foresee their actions alleged herein above would inflict harm on harm Plaintiffs.

75. Upon information and belief, Defendant acted with intent to cause Plaintiffs' emotional distress and/or acted with reckless disregard for the likelihood of causing emotional distress, extreme humiliation, unbearable and disruptive stress to Plaintiffs.

76. Upon information and belief, Defendant acted with recklessness including acting with knowledge that severe emotional distress is a probable result of the chaos, havoc, humiliation, embarrassment and invasion of privacy almost beyond Plaintiffs bounds endurance.

77. Application to SIM Swapping/Espionage: Defendants deliberately swapped the Plaintiff law firm/attorney's SIM card to intercept private communications of the attorney, hacking firm systems to steal data shows intent to cause harm to Plaintiffs and

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

the recklessness, as the Defendants knew or should have known such invasions would cause humiliating distress, anguish and despair and professional injury beyond all bounds of decency and professional conduct.

78. Defendants' invasion of privacy conduct toward Plaintiffs was extreme and outrageous, so as to exceed all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community such as Charleston, South Carolina.

79. The SIM hack allowed access to every tool Plaintiffs' uses in th business, loss of use of her phone number, ability to receive calls, calls made were redirected, the extreme chaos caused loss opportunity of the pinnacle of her legal career and private life, an unfathomable invasion of her privacy, ruination of a 35 year career, loss of relationships, loss of business, extreme humiliation, loss of credibility, loss of an extraordinary amount of time, defamation, slander, loss of energy, unforeseen expenses, total disruption to her business, loss of equipment, destruction of her personal life, loss of contacts, loss of information, loss of control many aspects of life and business. She suffered extreme stress, humiliation, mental anguish, emotional stress and the most extreme invasion of privacy possible.

80. Defendants invaded Plaintiffs privacy and then proceeded to humiliate, degrade, drive a wedge in between Plaintiffs' and others personally and professionally using this as leverage to force her clients to end the Federal Court case. When the outrageous conduct was successful in destroying Plaintiffs then the lead att .ney from **LAW FIRM DOE AB** by which **JOHN DOE A, ESQ.** was employed, who appeared to be the lead SIM swapper worked, sent out an email to **LAW FIRM DOE E, LAW FIRM DOE D, LAW FIRM DOE C, and JOHN DOE A, ESQ** stating that there was no need to communicate with Plaintiffs because her phones were cut off, her email was down, her clients could not communicate with her, her website was down and Plaintiffs were "Done". The conduct was infinitely worse than mere insults, indignities, or annoyances; everything Lead attorney at **LAW FIRM DOE AB** was alleging is exactly technology war Defendants had been waging on Plaintiffs. The invasion of privacy and extreme chaos caused personally and professionally was so egregious that

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

it shocks the conscience and nearly broke the Plaintiffs emotionally, mentally, physically, personally and professionally.

81. Defendants' egregious behavior and severe violation of privacy went on for a long period of time, continues and is frankly almost unbearable for Plaintiffs.

82. Defendants SIM Swapping/Espionage was facilitated by systematically intercepting and diverting Plaintiff attorney's phone communications, intercepting data, stealing data, and essentially implementing a system which would likely result in Plaintiffs personal and professional demise.

83. Defendants destroyed Plaintiffs credibility by interrupting all her portals and sabotaging her tools for work. Defendants conduct was absolutely outrageous and beyond the realm of decency by creating ongoing extreme fear of professional ruin and personal humiliation during a very public Federal Court case in which Plaintiffs and Defendants were on opposite sides. Defendants used the SIM swap espionage to crush the Plaintiffs in every aspect of personal life and business. The crushing of Plaintiffs by Defendants far exceed bounds of decency and resulted in Plaintiff Teresa Hill's severe emotional distress.

84. Application to SIM Swapping/Espionage: The distress, anxiety, fear of professional harm stemmed from the information Defendants obtained through the SIM swap occurring at **VERIZON** and the espionage of information Defendants intercepted led to the Plaintiff Teresa Hill's emotional turmoil by the Defendants creating leverage to pressure the Plaintiffs.

85. The Defendants actions caused such severe emotional distress to be suffered by Plaintiff Teresa Hill such that no reasonable person could be expected to endure it.

86. The extreme mental anguish and emotional distress caused by Defendants was profound beyond embarrassment, humiliation, it had significant psychological and physical manifestations including but not limited to extreme fear of professional ruin, public exposure of private data, causing the attorney to suffer extreme anxiety, fear and

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

withdrawal from her personal and professional life and deteriorating her health.

87. Injury caused by Defendants was an extreme invasion of privacy, ruination of a 35 year career, loss of relationships, loss of huge opportunity, disruption and destruction of life, extreme humiliation, loss of credibility, loss of an extraordinary amount of time, defamation, slander, energy, and expense, disruption to her business, loss of equipment, and loss of opportunities of a life time with her family, loss of contacts, loss of information, loss of control many aspects of life and business that run through a smartphone. She suffered extreme stress, humiliation, mental anguish, anxiety, and emotional stress. She became a physical target of others because of the tracking enabled through her cell phone and was physically injured. The losses outlined by Plaintiffs herein are ongoing and permanent and extreme. The toll these unlawful activates took on Plaintiffs was more than most could endure.

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

88. Plaintiffs re-allege the foregoing allegations and incorporates these allegations by reference as if fully set forth herein.

89. Upon information and belief, all Defendants are associated in fact or a legal entity engaged in interstate commerce in the state of South Carolina and beyond state lines at all times referenced herein.

90. Upon information and belief, Defendants engaged in acts of racketeering involving hacking, wiretapping, or stealing confidential data of Plaintiffs committed within a 10-year period, related by purpose, method, or result, and showing continuity closed-ended over a three-year period and/or open-ended with a threat of future similar conduct.

91. The Defendants conducted or participated in the enterprise's affairs through the pattern of racketeering activity injuring the Plaintiffs involving cyber legal espionage and SIM spying through SIM swapping.

92. Upon information and belief Defendants interception of Plaintiffs wire, oral, or

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

electronic communications of Plaintiffs illegally intercepting communications, such as phone calls and emails, without Plaintiffs consent. (18 U.S.C. § 2511)

93. Upon information and belief Defendants used SIM spying to intercept Plaintiffs' business communications and/or to change passwords and install spyware to monitor their electronic correspondence.

94. Upon information and belief Defendants used SIM spying to steal and misappropriate Plaintiffs trade secrets and legal strategies with intent to benefit economically. Theft of Trade Secrets (18 U.S.C. § 1832)

95. Upon information and belief Defendants used SIM spying to gain access to gain unauthorized access to Plaintiffs protected computers to obtain information or cause damage to the cases of Plaintiffs' and the business of Plaintiffs thereby Defendants benefiting financially and competitively. Computer Fraud and Abuse Act Violations (18 U.S.C. § 1030)

96. Upon information and belief Defendants unauthorized access to Plaintiffs protected computers, software, applications, and other equipment to obtain information caused damage.

97. Upon information and belief, Defendants engaged in wire fraud using electronic communications, SIM spying, phone networks, emails, or hacking tools to execute a scheme to defraud or obtain property or information by false pretenses. (18 U.S.C. § 1343)

98. Upon information and belief, Defendants engaged in SIM swapping, SIM spying, destruction of information, tracking, stalking to access Plaintiffs competitor's phone communications, hacking a law firm's email to steal data constituted wire fraud because it was done to gain a competitive advantage or financial benefit over Plaintiffs and specifically Defendants conduct did accomplish that goal gain of information, control strategy and extreme leverage over the Plaintiffs.

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

99. Upon information and belief Defendant Law Firms and **VERIZON** actively participated in the enterprise's affairs by planning and executing the SIM spying and law firm espionage.

100.    Plaintiffs suffered significant injury and extreme loss to business, opportunities, and property proximately caused by the Defendants racketeering activity.

101.    That by reason of the aforementioned unlawful conduct of Defendants and direct consequences there of Plaintiffs were damaged beyond repair. Plaintiffs seek actual and punitive damages related the legal espionage and racketeering arising from the unlawful conduct of Defendants in loading of a SIM/unauthorized number to Plaintiffs' phone which allowed for spying and intrusions into Plaintiffs business and personal life which resulted in damage which is to a business with is irreparable.

## INVASION OF PRIVACY

102.    Plaintiffs restate all allegations in the Complaint as if set forth verbatim herein.

103.    Plaintiffs have a right to privacy as it relates to their cellular information data; a subscriber identity module (SIM) stores private user data in phones on the Global System of Mobile (GSM) Network – the network used by VERIZON to provide cellular services to its subscribers, particularly Plaintiffs.

104.    A subscriber identify module, SIM, stores user data in phones on the Global System for Mobile (GSM) network – the radio network used by **VERIZON COMMUNICATIONS, INC.** to provide cellular service to its subscriber.

105.    SIM cards or ESIMS are principally used to authenticate cellphone subscriptions; as without a SIM card or electronic SIM, GMS phones are not able to connect to **VERIZON'S** telecommunication network.

106.    Not only is a SIM card vital to using a phone on the **VERIZON** network, the

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

SIM card or ESIM also holds immeasurable value as a tool to identify the user of the phone – a power that can be corrupted to steal property and the identity of the user. **VERIZON** states in customer policy that it guarantees customers that **VERIZON** will handle, manage and oversee their interactions – including and personal information shared.

107.     Upon information and belief Defendants did through use of SIM or ESIM did wrongfully intrude into Plaintiffs private affairs originating with the SIM loading at **VERIZON** but continuing far beyond that initial event.

108.     The intrusion by Defendants into Plaintiffs private affairs was intentional: The cellphone company, **VERIZON,** intentionally facilitated the SIM loading in a scheme facilitated by Defendant law firms. Defendants executed an intrusion into Plaintiffs private affairs by loading a SIM to access the Plaintiff attorneys and Plaintiff Law Firms phone data (e.g., calls, texts, location, or other private information) without consent.

109.     This information access on Plaintiffs iPhone was a private province should not have invaded by Defendants but is has been.

110.     Plaintiffs have an individual right to privacy of their personal and business content on that iPhone which was unlawfully and intentionally invaded and used to unlawfully and intentionally invade and intrude into other portions of Plaintiffs life.

111.     The intrusion by Defendants of Plaintiffs content targeted a domain where the attorney and law firm had a reasonable expectation of privacy, for their personal or professional phone communications and content.

112.     The intrusion by Defendants into Plaintiffs iPhone content targeted a private domain is which if invaded would be highly offensive to a reasonable person. Defendants by targeting Plaintiffs content included unauthorized monitoring of professional communications, personal activities, calendars, lists, research, calls, messages, drafts, strategies, locations, medical issues, family communication,

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

photographs, finances, and more.

113.    The intrusion by Defendants of Plaintiffs content on the iPhone facilitated
Defendants intrusion into other areas of Plaintiffs privacy. The Teresa Hill suffered
harm, including by not limited to emotional distress, financial loss, reputational
damage, professional and personal.

114.    Plaintiffs' privacy has been intruded on by the Defendants; Plaintiffs have been
subjected to unreasonable intrusion without consent of Plaintiffs.

115.    The intrusion into Plaintiffs private information regarding health has been into
an area of Plaintiffs private lives, medical and personal decisional matter to which
Plaintiffs, each of them normally expect to be free from exposure to Defendants and
others.

116.    Defendants loading a SIM to access or monitor the attorney's phone data
without permission constitutes a direct electronic intrusion which resulted in numerous
other intrusions of Plaintiffs privacy.

117.    Defendants' invasion of Plaintiffs privacy unreasonably places the Plaintiffs, in
a false light before the public.

118.    Plaintiffs' have a right to privacy as it relates to all matters intruded on by
Defendants. Plaintiffs are entitled to privacy as it relates to their communication,
family information, decisional authority, business decisions, strategies, finances,
medical information, communications, locations, and other related very personal
content and business information.

119.    The breach of Plaintiffs privacy by Defendants in the manner described is an
unwarranted exploitation of Plaintiffs private and personal information.

120.    Upon information and belief, Defendants has publicized and seeks to further
publicize Plaintiffs private affairs with which the public has no legitimate concern.

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

**121.**    Defendants caused a breach of privacy which subjects Plaintiffs and others to
harassment, ridicule, shamming, hurt, outrage, and mental anguish which Plaintiffs
would not have endured but for this breach of privacy and intrusion into various private
areas of content of Plaintiffs life.

**122.**    Upon information and belief, Defendants intended the wrongful intrusion into
the private affairs of Plaintiffs. This was an attempt by the Defendants to coerce
Plaintiffs to manipulate and leverage the information so as to destroy Plaintiffs
credibility and relationships with clients, attorneys, judges, friends, acquaintances all to
be used for an advantage in Glen vs Seabrook and other cases.

**123.**    Upon information and belief, Defendants intended the wrongful intrusion into
the private affairs and content of Plaintiffs subjected Plaintiffs to loss of credibility,
harassment, bullying, ridicule, shamming, hurt, outrage, and mental anguish which
Plaintiffs certainly have endured and more.

**124.**    Upon information and belief, Defendants intended the invasion of privacy and
intrusion into Plaintiffs private information to gain an advantage in certain legal cases
which Plaintiffs were handling. Defendants intended to harass, bully, ridicule, shame,
hurt, and outrage the Plaintiffs which they certainly have endured.

**125.**    The Defendants intrusion into Plaintiffs' privacy was substantial and
unreasonable and the Plaintiffs are entitled to damages for humiliating harassment,
bullying, and degrading invasion of privacy, disruption of business, extreme
embarrassment, loss of professional and personal credibility, loss of an extraordinary
amount of time, energy, and expense, sleep, disruption to her personal life, decline in
her health, loss of data, loss of control many aspects of life and business that run
through a smartphone. The anguish of recovering the loss to access to almost every
account owned. She suffered and still suffers extreme stress, humiliation, mental
anguish and emotional stress.

**126.**    Plaintiffs suffered and still suffer from harassment, bullying, ridicule,
shamming, hurt, outrage, slander, defamation. and mental anguish and upon

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678

information and belief will continue to suffer. Plaintiffs were un ble to attend normal pursuits and have been otherwise injured and damaged, all to their damages, actual and punitive, in the amount to be determined by the triers of fact.

127.    As a result of Defendants intrusion into Plaintiffs private content if a multifaceted approach following the SIM invasion, Plaintiffs suffered and still suffer from professional disparagement, personal slander, harassment, bullying, ridicule, shamming, hurt, outrage, and mental anguish and upon information and belief all of this conduct will continue and Plaintiffs will continue to suffer the consequences of it. The information has emboldened other attorneys and legal officials to abusive behavior toward Plaintiffs. The information has emboldened others in the community to abuse or ridicule Plaintiffs to the point of outrageous harassment. Plaintiffs were unable to attend normal pursuits and have been otherwise injured and damaged, all to their damages, actual and punitive, in the amount to be determined by the triers of facts.

128.    Plaintiffs suffered significant injury and extreme loss of business, opportunities, credibility, extreme anguish, and property proximately caused by the Defendants invasion of privacy activity and intrusion and is entitled to damages in an amount to be determined by the triers of fact.


WHEREFORE, Plaintiffs, pray judgment against all Defendants **VERIZON COMMUNICATIONS, INC., LAW FIRM DOE AB, LAW FIRM DOE C, LAW FIRM DOE D, LAW FIRM DOE E and ATTORNEY JOHN DOE A, ESQ., for** actual and punitive damages in the sum to be determined by the triers of fact; treble damages, costs of this action and such other and further relief as this court deem just and proper.

{Signature Page to Follow}


S/*Teresa Zachry Hill*
TERESA ZACHRY HILL, ESQUIRE

ATTORNEY FOR PLAINTIFFS
6209 SAVANNAH HIGHWAY ~(Physical)
POST OFFICE BOX 369 ~(Mailing)
RAVENEL, SOUTH CAROLINA 29470
TELEPHONE (843) 889-2261
TELEPHONE (843) 889-2262
SC No. 15792
ZachryLawFirm@pm.me

May 7, 2025

ELECTRONICALLY FILED - 2025 May 07 7:45 PM - CHARLESTON - COMMON PLEAS - CASE#2025CP1002678