IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Teresa Hill, *Individually and as agent of Hill and Hill's Attorney*, <br><br> Plaintiff, <br><br> v. <br><br> Verizon Communications, Inc.; John Doe A, ESQ; Law Firm Doe AB; Law Firm Doe C; Law Firm Doe D; Law Firm Doe E; Verizon Wireless Services, LLC; Verizon Wireless, Inc.; Cellco Partnership; GTE Wireless, LLC; Bell Atlantic Mobile Systems, LLC; Verizon Americas, LLC, <br><br> Defendants. | C/A No. 2:25-5297-RMG-PJG <br><br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Teresa Hill, a self-represented litigant who is a licensed attorney,[1] filed this civil rights action against the named defendants.[2] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Plaintiff's motion for a temporary restraining order. (ECF No. 71.) The defendants did not file a response. Having reviewed the record presented and the applicable law, the court concludes that Plaintiff's motion should be denied.

---

[1] Licensed lawyers representing themselves are not entitled to the deference typically afforded to *pro se* litigants. See Rashad v. Jenkins, C/A No. 3:15cv655, 2016 WL 901279 at *3, (E.D. Va. Mar. 3, 2016) (holding that, while the United States Court of Appeals for the Fourth Circuit has not directly addressed this issue, "[o]ther courts have drawn a distinction between *pro se* attorneys and other *pro se* parties.") (collecting cases from the Second, Fifth, Sixth, Seventh, and Tenth Circuits holding that *pro se* attorneys are not entitled to the liberal and lenient treatment ordinarily afforded *pro se* parties).

[2] The defendants removed this action from the Charleston County Court of Common Pleas. (ECF No. 1.)

In her current motion, Plaintiff alleges that two non-defendant companies—"Berkely Electric Cooperative" and "McThomas Engineering"—are "attempting to remove and install telecommunications and fiber optics on a pole outside her office." (ECF No. 71 at 1.) She further alleges that "they are responsible for a sophisticated infrastructure over which numerous and destructive forms of malicious software ('malware') traverse, and are using those malware programs[s] to engage in wire fraud, bank fraud, and illegal interception of electronic communications on a massive scale." (Id.) She asks that the court enter a temporary restraining order to cease this activity.

## DISCUSSION

**A.    Applicable Standard**

A plaintiff seeking a temporary restraining order or a preliminary injunction must establish: (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); 2311 Racing LLC v. NASCAR, 139 F.4th 404, 408 (4th Cir. 2025).  A plaintiff must make a clear showing that she is likely to succeed on the merits of her claim.  Winter, 555 U.S. at 22; NASCAR, 139 F.4th at 408.  Similarly, she must make a clear showing that she is likely to be irreparably harmed absent injunctive relief.  Winter, 555 U.S. at 20-23; NASCAR, 139 F.4th at 408.  As explained by the Supreme Court of the United States,

> [a] preliminary injunction is an extraordinary remedy never awarded as of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.

Winter, 555 U.S. at 24 (internal quotation marks and citations omitted).

**B.     Plaintiff's Motion**

Here, the misconduct Plaintiff alleges involves entities not named as defendants in this case. Despite Plaintiff in her motion referring to these entities as "defendants," they simply are not. Other than her current motion in which she includes these companies as "In re" in the caption, there is no pleading or proposed pleading that includes these entities as defendants or contains facts stating any claim against them. Moreover, based on the record and filings, these entities cannot be classified as parties; the officers, agents, servants, employees, or attorneys of parties; or as other persons who are in active concert or participation with the parties. See Fed. R. Civ. P. 65. In sum, the court cannot issue an order directed at non-parties. See Drayton v. Ozmint, C/A No. 8:10-2079-HFF-BHH, 2010 WL 4922698, at *1 (D.S.C. Nov. 3, 2010), adopted by 2010 WL 4922692 (Nov. 29, 2010).

## RECOMMENDATION

Based on the foregoing, the court recommends that Plaintiff's motion for a temporary restraining order be denied. (ECF No. 71.)

September 25, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).