# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Teresa Hill, Individually and as agent of Hill and Hill Attorney,<br><br>  Plaintiff,<br>v.<br><br>Verizon Communications, Inc., Verizon Wireless Services, LLC, Verizon Wireless Inc, Cellco Partnership, GTE Wireless, LLC, Bell Atlantic Mobile Systems, LLC, Verizon Americas, LLC, Shannon Thigpen Esq., Francis X. McCann, P.A., Richardson Plowden & Robinson, P.A., Barnwell Whaley Patterson & Helms, LLC, David Aylor Law Offices,<br><br>  Defendants. | Case No. 2:25-cv-05297-RMG<br><br>**ORDER** |

Before the Court is the Report & Recommendation ("R&R") of the Magistrate Judge, recommending that the Court grant the Law Firm Defendants'[1] motions to dismiss for failure to state a claim and grant the Verizon Defendants'[2] motions to stay and compel arbitration. (Dkt. No. 101). For the reasons set forth below, the Court adopts the R&R as the Order of the Court, grants the Law Firm Defendants' motions to dismiss, and grants the Verizon Defendants' motions to stay and compel arbitration.

---

[1] "Law Firm Defendants" include Shannon Thigpen Esq., Francis X. McCann, P.A., Richardson Plowden & Robinson, P.A., Barnwell Whaley Patterson & Helms, LLC, and David Aylor Law Offices. (Dkt. No. 101, at 1-2).

[2] "Verizon Defendants" include Verizon Communications, Inc., Verizon Wireless Services, LLC, Verizon Wireless Inc, Cellco Partnership, GTE Wireless, LLC, Bell Atlantic Mobile Systems, LLC, and Verizon Americas, LLC. *Id*. at 1.

1

I.   **Background**

Plaintiff is a self-represented attorney who alleges that Defendants conspired to hack her cell phone in order to frustrate her efforts in a litigation in which she acted as counsel opposite some of the Law Firm Defendants. (Dkt. No. 16). Specifically, she alleges that while purchasing a cell phone at one of the Verizon Defendants' stores, the Law Firm Defendants had Verizon employees input a second subscriber identity module ("SIM") card into her new device. *Id*. at ¶¶ 24-26. She claims that Defendant Thigpen was present at the Verizon store when this took place. *Id*. at ¶ 26. According to Plaintiff, the second SIM card enabled the Law Firm Defendants to "access [and] monitor Plaintiff's communications, data, wireless cellular account, and cellphone calls and messages, applications, software and cloud without her authorization." *Id*. at ¶ 25. She further claims that Defendants "engage[d] in legal espionage to gain an advantage in the federal court case and other cases in which Plaintiff . . . [was] involved." *Id*. at ¶ 28.

Consequently, Plaintiff filed this action, asserting claims under the Federal Communications Act, 47 U.S.C. § 151 *et seq*., as to the Verizon Defendants, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., and several state-law causes of action. *Id*. at ¶ 1.

The Law Firm Defendants moved to dismiss the claims against them, asserting that the allegations in the Amended Complaint fail to state a viable cause of action for purposes of Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 33, 50, 53, 58). Additionally, the Verizon Defendants filed a motion to stay the proceedings and compel arbitration. (Dkt. Nos. 11, 31, 73). Plaintiff filed responses, none of which addressed the Verizon Defendants' motions to stay and compel arbitration. (Dkt. Nos. 62, 66, 92, 93). The Magistrate Judge recommended granting both motions, finding that (1) Plaintiff failed to identify the alleged actions taken by each Law Firm Defendant

sufficient to state a plausible RICO claim; and (2) she had agreed through a binding arbitration agreement to arbitrate any claims she may have against the Verizon Defendants. (Dkt. No. 101).

Now, Plaintiff has filed several objections to the R&R. (Dkt. No. 103). Defendants have responded in opposition. (Dkt. Nos. 104-06). The matter is fully briefed and ripe for disposition.

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citation omitted). *See also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.") (citation and punctuation omitted). To be legally sufficient, a pleading must contain "a short and plain statement of the claim

3

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Id*. (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

### C. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in any contract involving interstate commerce or a maritime transaction "shall be valid, irrevocable, and enforceable" unless there are grounds for revocation in law or equity. 9 U.S.C. § 2. *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). A party can compel arbitration under the FAA if she can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party] to arbitrate the dispute." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (citation and punctuation omitted). If a valid arbitration agreement exists and covers the claims at issue, this Court has "no choice but to grant a motion to compel arbitration." *Adkins v. Lab. Ready, Inc.*, 303

F.3d 496, 500 (4th Cir. 2002) (citation omitted). Whether the parties agreed to arbitrate a particular dispute is a question of state law governing contract formation. *See First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (citation omitted).

### D. Motion to Dismiss or Stay Proceedings

"The FAA requires a court to stay 'any suit or proceeding' pending arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.'" *Adkins*, 303 F.3d at 500 (quoting 9 U.S.C. § 3). "This stay-of-litigation provision is mandatory." *Id*. But, the Fourth Circuit has also held that if all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is "a proper remedy." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (citation omitted). The Fourth Circuit has acknowledged the inconsistency between its opinions on this issue. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision . . . indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'"). "At present, in this Circuit a district court *must* stay an action pending arbitration of any arbitrable claims, with the exception that it *may* instead dismiss an action if all claims asserted are arbitrable." *Weckesser v. Knight Enters. S.E., LLC*, 228 F. Supp. 3d 561, 564 (D.S.C. 2017).

### III. Discussion

As an initial matter, in July 2025, Plaintiff served the incorrect "Shannon Thigpen" and acknowledged that she had "been unable to locate and personally serve" the proper defendant. (Dkt. No. 65). Plaintiff moved for leave to serve Defendant Thigpen by publication, but the Magistrate Judge denied the motion, finding that Plaintiff had not demonstrated compliance with South Carolina's statute governing service by publication. (Dkt. No. 86). In the R&R, the

Magistrate Judge noted that Plaintiff still had not completed service and recommended dismissal under Federal Rule of Civil Procedure 4(m). (Dkt. No. 101). Plaintiff does not object to this recommendation. Accordingly, the Court concludes that the Magistrate Judge correctly addressed the relevant factual and legal issues and properly concluded that Plaintiff's claims against Defendant Thigpen should be dismissed pursuant to Rule 4(m).

Plaintiff objects to the R&R on three bases: (1) the Magistrate Judge erred in concluding that the Amended Complaint fails to state a viable RICO claim against the Law Firm Defendants; (2) the R&R fails to address whether Plaintiff stated a viable claim for her state-law causes of action against the Law Firm Defendants; and (3) the Magistrate Judge erred in granting the Verizon Defendants' motions for arbitration. (Dkt. No. 103). The Court will address each objection in turn.

### A. Failure to State a Claim

Before turning to the merits of Plaintiff's argument, the Court clarifies that this section addresses only Plaintiff's RICO claim. As explained in greater detail below, the Amended Complaint fails to state any viable federal claim against the Law Firm Defendants. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and therefore does not consider whether the Amended Complaint states a plausible basis for relief on those causes of action.

Plaintiff argues that the Magistrate Judge incorrectly determined that the Amended Complaint fails to state a viable RICO claim as to the Law Firm Defendants. (Dkt. No. 103). Plaintiff specifically contends that the Magistrate Judge erred in concluding that the Amended Complaint is deficient for not alleging individualized facts describing each Law Firm Defendant's precise role in the alleged conspiracy. *Id*. To the contrary, Plaintiff contends that contextual group pleading is permissible where parties are alleged to have acted jointly toward a common objective,

6

and that when—as here—the pleading sufficiently alleges that all defendants participated in the same series of events constituting the conspiracy, it is adequate to survive a Rule 12(b)(6) motion. *Id*. The Law Firm Defendants argue that the Amended Complaint offers conclusory, fanciful allegations and is totally devoid of any factual allegations of wrongdoing. (Dkt. Nos. 104, 106).

The Magistrate Judge noted that it is generally impermissible to "lump[] defendants together as all being responsible for every alleged action," and incompatible with the pleading standards set out in *Iqbal* and *Twombly*. (Dkt. No. 101, at 4) (citation omitted). Accordingly, the Magistrate Judge concluded that Plaintiff's allegations that the Law Firm Defendants were involved in a pattern of racketeering activity and conspired with the Verizon Defendants to carry out those activities failed to state a plausible claim because such allegations were general in nature and thus did not provide each Law Firm Defendant with fair notice as to their specific wrongdoing. *Id*. at 3-9. The Magistrate Judge further concluded that although the Amended Complaint included some allegations that were specific to individual Law Firm Defendants, none of those allegations stated a plausible claim of wrongdoing under the RICO statute. *Id*. Thus, the Magistrate Judge recommended granting the Law Firm Defendants' motions to dismiss for failure to state a claim.

The Court finds that the Magistrate Judge correctly concluded that the Amended Complaint's use of group pleading fails to state a viable RICO claim. In the Amended Complaint, especially within the RICO allegations, Plaintiff treats the Law Firm Defendants as a single collective entity and does not specify the particular actions taken by each defendant. This undifferentiated approach is insufficient in this circumstance to support a RICO claim. Consider, for example, the following RICO allegations in which Plaintiff offers blanket accusations of wrongdoing: (1) "Defendant Doe Attorneys and Law Firms engaged in acts of racketeering involving hacking, wiretapping, or stealing confidential data of Plaintiff . . . ." (Dkt. No. 16, at ¶

7

129); (2) "Defendant Doe Attorneys and Law Firms conducted or participated in the enterprise's affairs through the pattern of racketeering activity injuring the Plaintiff involving cyber legal espionage and SIM spying through SIM swapping." *Id*. at ¶ 130; (3) "Defendant Doe Attorneys and Law Firms interception of Plaintiff's wire, oral, or electronic communications of Plaintiff illegally intercepting communications, such as phone calls, text messages, application messages and application content, and emails, without Plaintiff's consent." *Id*. at ¶ 131; (4) "Defendant Doe Attorneys and Law Firms used SIM spying to gain access to gain unauthorized access to Plaintiff's protected computers and devi[c]es to obtain information or cause damage to the cases of Plaintiff and the business of Plaintiff and the personal life of Plaintiff thereby Defendants benefiting financially and competitively." *Id*. at ¶ 134; and (5) "Defendant Doe Attorneys and Law Firms engaged in wire fraud using electronic communications, SIM spying, phone networks, emails, or hacking tools to execute a scheme to defraud or obtain property or information by false pretenses." *Id*. at ¶ 136.

      Without question, these blanket allegations of general misconduct are not sufficient to state RICO claims against each of the Law Firm Defendants. *See, e.g.*, *Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 600-01 (E.D. Mich. 2015) (concluding that plaintiff in RICO case involving fraud failed to state a claim where it merely made allegations of general misconduct by a group of defendants); *Adolphe v. Option One Mortg. Corp.*, No. 3:11–cv–418–RJC, 2012 WL 5873308, at *5 (W.D.N.C. Nov. 20, 2012) ("Plaintiff has failed to sufficiently plead that any Defendant engaged in an 'enterprise.' . . . Instead, Plaintiff alleges each claim against nearly all of the twenty-four Defendants and proposed defendants, making it impossible to determine what claims are alleged against an individual Defendant, much less the alleged conduct underlying the claim.") (citation omitted).

The Court notes that Plaintiff is correct that in some instances group pleading is permissible. Generally, Federal Rule of Civil Procedure 8 does not mandate that "a complaint be a model of clarity or exhaustively present the facts alleged . . . ." *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 438 (S.D.N.Y. 2019). Rather, it only requires that the defendant be given "fair notice of the what the . . . claim is and the ground upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (citation omitted). It follows that a complaint which merely "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" does not satisfy this notice requirement. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

The doctrine of group pleading, however, provides an exception to this rule[3]—particularly in the context of Federal Rule of Civil Procedure 9(b).[4] "The group pleading doctrine is an exception to the requirement that the fraudulent acts of each defendant be identified separately in the complaint." *Elliott Assocs., L.P. v. Hayes*, 141 F. Supp. 2d 344, 354 (S.D.N.Y 2000) (citation omitted). "The group pleading doctrine allows particular statements or omissions to be attributed to individual defendants even when the exact source of those statements is unknown." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 405 (S.D.N.Y. 2010). "In order to invoke the group pleading doctrine against a particular defendant the complaint must allege facts indicating that the defendant was a corporate insider, with direct involvement in day-to-day affairs, at the entity issuing the statement." *In re Alstom SA*, 406 F. Supp. 2d 433, 449 (S.D.N.Y. 2005)

---

[3] The Fourth Circuit has not decided whether the group pleading doctrine applies in this Circuit, *see Dunn v. Borta*, 369 F.3d 421, 434 (4th Cir. 2004), so the Court will look to courts in other jurisdictions for guidance on this issue.

[4] Federal Rule of Civil Procedure 9(b) provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

(citation omitted). Moreover, the doctrine "applies whenever Rule 9(b) applies, which is whenever the alleged conduct of defendants is fraudulent in nature." *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d at 438 (citation omitted).

In the context of RICO claims, courts in this Circuit have found that a plaintiff's use of group pleading satisfied the heightened Rule 9(b) standard where the complaint sets out the alleged fraudulent conduct with specificity and identifies the person responsible for such conduct. *See, e.g., Navient Sols., LLC v. L. Offs. of Jeffrey Lohman*, No. 1:19-cv-461 (LMB/TCB), 2020 WL 1867939, at *7 (E.D. Va. Apr. 14, 2020); *CSX Transp., Inc. v. Gilkison*, No. 5:05CV202, 2012 WL 1598081, at *12 (N.D. W. Va. May 3, 2012). Consider *CSX Transportation*, involving attorneys filing fraudulent claims in court, where the complaint initially set forth "the time, place, and content of each false representation, as well as the identity of the person making the representation . . . ." *Id*. at *12 (noting that the complaint stated that "Defendants Peirce and Raimond orchestrated and implemented the screening process . . . which they specifically intended to attract potential clients and manufacture diagnoses of asbestos-related diseases regardless of whether the subject individuals actually exhibited signs of those diseases. In furtherance of this objective, they deliberately hired technicians and doctors"). Consequently, the court there found that the complaints later use of group pleading was acceptable because:

> [T]he theory of the case is that "the lawyer Defendants, collectively and in concert, embarked upon a calculated and deliberate strategy to participate in and conduct the affairs of the Peirce firm through a pattern and practice of unlawful conduct . . . ." [I]t follows that the third amended complaint alleges that many of the actions were collectively taken or collectively caused to be taken by the lawyer defendants.

*Id*. (citation and punctuation omitted).

Unlike in *CSX Transportation*, the Amended Complaint fails to allege conduct that could plausibly be construed as fraudulent. For instance, it asserts that Defendant McCann, P.A.

employed Defendant Thigpen; that Thigpen happened to be present at the Verizon store on the day a second SIM card was purportedly placed in Plaintiff's phone; that the firm was involved in a case in which Plaintiff served as opposing counsel; and that an unidentified firm attorney emailed the other Law Firm Defendants, stating that Plaintiff was experiencing communication issues. (Dkt. No. 16, at ¶¶ 26, 33, 114). The Amended Complaint further generally alleges—without any factual support—that Defendant David Aylor Law Offices "formed a series of South Carolina Corporations to funnel information, calls, data, and money through related to the SIM spying on Plaintiff." *Id.* at ¶ 32. Finally, it alleges that Defendants Richardson Plowden & Robinson, P.A. and Barnwell Whaley Patterson & Helms, LLC participated in the case in which Plaintiff served as opposing counsel and were recipients of the email referenced above. *Id.* at ¶¶ 25, 31, 114.

These allegations fall well short of pleading specific facts from which the Court could reasonably infer that the Law Firm Defendants engaged in conduct that could plausibly be deemed fraudulent. Indeed, the Amended Complaint identifies neither the time, place, nor specific nature of any purportedly fraudulent acts by the Law Firm Defendants. *See, e.g.*, *Walters v. McMahen*, 795 F. Supp. 2d 350, 355 (D. Md. 2011) (explaining that a plaintiff asserting a § 1962(d) claim must "describe in detail the conspiracy, including the identity of the co-conspirators, the object of the conspiracy and the date and substance of the conspiratorial agreement"). Instead, it relies solely on conclusory assertions that they participated in "legal espionage," unsupported by any factual allegations that would give rise to such an inference. Therefore, the Magistrate Judge correctly concluded that Plaintiff failed to state a viable RICO claim against the Law Firm Defendants.

### B. Remaining State-Law Claims

Plaintiff contends that the Magistrate Judge erred by not addressing whether the Amended Complaint stated a claim as to the remaining state-law causes of action after determining that no viable federal claim had been alleged. (Dkt. No. 103). The Court disagrees.

Because the Magistrate Judge concluded that the Amended Complaint does not allege a valid federal cause of action, and because there is no basis for diversity of citizenship jurisdiction, the Magistrate Judge had the discretion to decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims against the Law Firm Defendants. *See Chase Bank USA, NA. v. Wade*, No. 2:12-cv-3565-RMG, 2014 WL 12616158, at *1 (D.S.C. Mar. 21, 2014) ("The Court may decline to exercise supplemental jurisdiction . . . if 'the district court has dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)). Accordingly, the Magistrate Judge did not err by not addressing Plaintiff's remaining state-law claims against the Law Firm Defendants.

### C. Motion to Stay and Compel Arbitration

Plaintiff argues that the Magistrate Judge erred by recommending that the Court grant the Verizon Defendants' motions to stay and compel arbitration, contending that the arbitration agreement does not cover intentional torts and criminal acts and, if enforced, would be unconscionable. (Dkt. No. 103). The Verizon Defendants offer three arguments, the first of which the Court finds most relevant: that this objection is untimely, as Plaintiff did not raise this issue before the Magistrate Judge. (Dkt. No. 105).

The Magistrate Judge concluded that the Verizon Defendants showed that Plaintiff agreed through a binding arbitration agreement to arbitrate her claims against them, and Plaintiff offered no briefing arguing that she did not enter a valid agreement to arbitrate her claims against them.

(Dkt. No. 101). Therefore, the Magistrate Judge recommended granting the Verizon Defendants' motions to stay and compel arbitration. *Id*.

Plaintiff's objection to the recommendation of the Magistrate Judge raises issues never pled in the Amended Complaint or asserted before the Magistrate Judge. "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Keitt v. Ormond*, No. 5:06-cv-01069, 2008 WL 4964770, at *1 (S.D. W. Va. Nov. 13, 2008) (citation omitted). "[T]he purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work." *Id*. at *2 (citation omitted). "Allowing parties . . . to raise new issues or arguments at any point in the life of a case would" frustrate this purpose and "result in a needless complication of litigation." *Id*. Instead, "[p]arties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." *Id*.

While the Court is not obligated to consider arguments being raised for the first time in objections to a magistrate's report, it may exercise its discretion to address such arguments when it sees fit. *See Dune v. G4s Regulated Sec. Sols., Inc.*, No. 0:13-cv-01676-JFA, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) (citation omitted). In this case, the Court sees no reason to exercise its discretion. "[A]llowing parties to rely on arguments not presented to the magistrate judge . . . wastes judicial resources." *Nelson v. Town of Mt. Pleasant Police Dep't*, No. 2:14-cv-4247-DCN, 2016 WL 5110171, at *3 (D.S.C. Sep. 21, 2016) (citation omitted). And "[t]he [C]ourt has no interest in bearing the burden created by [Plaintiff's] own failure to present [her] . . . arguments to the [M]agistrate [J]udge. To do so would only encourage such behavior." *Id*. Therefore, the Court declines to address Plaintiff's newly presented arguments on the enforceability of the arbitration agreement.

Because Plaintiff did not properly object to the R&R on this basis, the Court has reviewed the record for clear error. The Court finds no such error.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 101), **DISMISSES** the claims against Defendant Thigpen, **GRANTS** the Law Firm Defendants' motions to dismiss (Dkt. Nos. 33, 50, 53, 58), and **GRANTS** the Verizon Defendants' motions to stay and compel arbitration (Dkt. Nos. 11, 31, 73).

**AND IT IS SO ORDERED.**

                                                 s/ Richard Mark Gergel
                                                 Richard Mark Gergel
                                                 United States District Judge

December 15, 2025
Charleston, South Carolina